PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Without Leave to Reapply for a Period of Five Years, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition is conditioned upon acceptance by the Board of Governors of the following terms and conditions:
1. Petitioner was admitted to practice before The Florida Bar in 1965.
2. On May 17, 1982, the State of New Jersey accused petitioner in Felony Indictment # 719-82 of Forgery (one count) in violation of N.J.S. 2A:109-l(a) and (b), and Theft By Deception (one count) in violation of N.J.S. 2C:20~4, and Misapplication of Entrusted Property (one count) in violation of N.J.S. 2C:21-15.
3. On May 17, 1982, petitioner entered a Plea of Guilty to the accusations outlined in paragraph 2. Sentencing on the above was set for August 19, 1982.
4. On June 24, 1982, the State of New Jersey accused petitioner in a Felony Indictment # 927-82 of Embezzlement (two counts) in violation of N.J.S. 2A:102-5, and Misapplication of Entrusted Property (fifteen counts) in violation of N.J.S. 2C:21-15.
5. On July 2, 1983, petitioner entered a guilty plea to the charges outlined in paragraph 4.
6. On August 19, 1982, petitioner was sentenced and committed to the custody of the Commissioner of the Department of Corrections, New Jersey.
7. On September 15, 1982, the Supreme Court of Florida issued an order of suspension against petitioner suspending petitioner from the practice of law in Florida.
8. On January 25, 1983, an order was entered disbarring petitioner from the practice of law in New Jersey.
9. Petitioner acknowledges the adverse effect his actions and the corresponding punishment have on The Florida Bar and all its members. Petitioner further acknowledges that his actions re- *529 fleet adversely upon his ability to practice law.
10. If this petition is granted, petitioner further agrees not to seek reapplication to The Florida Bar for a period of five years from the date of its acceptance.
11. Petitioner further agrees to pay to The Florida Bar any and all costs associated with this Petition to Resign and any and all costs associated with petitioner’s reapplication.
12. If this petition is granted, petitioner will not seek reapplication to The Florida Bar for a period of five years which is greater than the three-year minimum provided for in article XI, Rule 11.08(6) of the Integration Rule of The Florida Bar and greater than the three-year period in which a disbarred attorney is prohibited from reapplying as set forth in article XI, Rule 11.10(5) of the Integration Rule of The Florida Bar. As a result, the public interest and confidence in the legal profession will not be adversely affected nor will the administration of justice be hindered by the granting of this petition.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign Without Leave to Reapply for a Period of Five Years and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Without Leave to Reapply for a Period of Five Years is hereby approved, effective immediately.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.